IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **MICHAEL CHOATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 11-2636-STA-tmp |
| | ) | |
| **UNITED STATES POSTAL SERVICE;** | ) | |
| **PATRICK R. DONAHOE, in his official** | ) | |
| **capacity, and TERRENA D. MOORE, in her** | ) | |
| **individual and official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
_____

Before the Court is Plaintiff's Motion for a Preliminary Injunction (D.E. # 8), filed August 2, 2011. Defendants filed their Response in Opposition to the Motion for Preliminary Injunction (D.E. # 11) on September 7, 2011. Plaintiffs filed a Reply on September 12, 2011 (D.E. # 16), and Defendants filed a Sur-reply on September 19, 2011 (D.E. # 21). For the reasons set forth below, Plaintiff's Motion for a Preliminary Injunction is **DENIED**.

**BACKGROUND**

Plaintiff Michael Choate ("Plaintiff") seeks a preliminary injunction to prevent the enforcement of 39 C.F.R. § 232.1(e)[1], both as applied to him and on its face, so that he can pass

---

[1] 39 C.F.R. § 232.1(e) is part of the United States Postal Service's ("USPS") regulations controlling conduct on postal property. Although Plaintiff relied upon 39 C.F.R. § 232.1(o) in his letter to the USPS (D.E. # 8-5), he focused solely on § 232.1(e) at the injunction hearing, and his briefing centers upon § 232.1(e). Consequently, the Court confines its analysis

out religious leaflets at an Oakland, Tennessee, post office.  (Pl.'s Mot. for Prelim. Inj. at 1.)  Due to the limited scope of his injunctive request, Plaintiff seeks personal injunctive relief only.  (*See id.*)

According to Plaintiff, during the last two weeks of July 2010, Plaintiff "went to the sidewalk in front of the post office . . . and distributed religious pamphlets."  (Pl.'s Mem. in Support of Mot. for Prelim. Inj. at 2.)  The layout of the post office and its sidewalk and parking lot are relevant to the case.  Plaintiff states that "[t]he sidewalk in front of the [p]ost [o]ffice is approximately three feet wide and [is] accessible and open to the public."  (Compl. ¶ 24-25.)  The sidewalk is shaped like an "L" turned ninety degrees clockwise, and it runs in a straight line from the post office entrance before forming the perpendicular "L" shape.  (Pl.'s Mem. in Support of Mot. for Prelim. Inj. at 2.)  This sidewalk appears to be used to gain access to the post office from its parking lot.

Plaintiff was arrested on August 6, 2010, for his leafleting conduct at the post office.  The Postmaster referred to 39 C.F.R. § 232.1(e) as the basis for his arrest.  (Pl.'s Mem. in Support of Mot. for Prelim. Inj. at 3.)  On November 18, 2010, Plaintiff later contacted the USPS alleging a violation of his First Amendment right to free speech and requested that the USPS not apply any postal policy which would prevent Plaintiff from distributing literature at the Oakland post office.  (Pl.'s Mem. in Support of Mot. for Prelim. Inj., Ex. 8-5.)  In its response to this letter, written on December 1, 2010, the USPS told Plaintiff that "[t]o the extent that informational leafleting comports with all applicable provisions governing conduct on postal property, such activity is permissible on the exterior of postal facilities" except as it violates § 232.1(e) or

---

to that section.

"constitutes commercial or charitable solicitation or electioneering." (Pl.'s Mem. in Support of Mot. for Prelim. Inj., Ex. 8-6.)

Plaintiff then filed a Complaint in this Court on July 29, 2011 (D.E. # 1). Four days later, on August 2, 2011, Plaintiff filed the Motion for Preliminary Injunction now before the Court (D.E. # 8). Choate included an affidavit describing his desired future activity on the sidewalk outside the Oakland post office. (Pl.'s Mot. for Prelim. Inj., Michael Choate Aff., Ex. 8-1.) Plaintiff requested the injunction of § 232.1(e) because he is "afraid to distribute literature again at the Post Office sidewalk" and because he believes § 232.1(e) to be unconstitutional on its face and as applied to him (Pl.'s Mem. in Support of Mot. for Prelim. Inj. at 3.)

On September 7, 2011, Defendants filed a Response in Opposition to Plaintiff's Motion for a Preliminary Injunction, stating that "[a]lthough the federal Defendants do not concede that Mr. Choate's affidavit accurately describes his prior leafleting activity, the federal Defendants do accept that affidavit as Mr. Choate's description of the conduct he proposes to pursue in the future—the conduct for which he seeks authorization by preliminary injunction." (Def.'s Resp. in Opp'n to Mot. for Prelim. Inj. at 1.) According to Defendants, the course of leafleting conduct proposed in Plaintiff's affidavit "is permitted by Postal Service regulations." (*Id.*)

## LAW

Preliminary injunctions are "extraordinary remed[ies] which should be granted "only in the limited circumstances which clearly demand [them]"[2] and then "only if the movant carries

---

[2] *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

3

his or her burden of proving that [those] circumstances clearly demand [them]."[3] When determining whether a plaintiff is entitled to a preliminary injunction, courts consider four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.[4]

Courts "balance [these factors] against each other" in their evaluation of whether to issue a preliminary injunction, but they do not serve as prerequisites.[5] Notably, in First Amendment cases, the first factor is often determinative, as "the Supreme Court has recognized that even minimal infringement upon First Amendment values constitutes irreparable injury."[6]

## ANALYSIS

The parties focus their arguments on the first factor, strong likelihood of success on the merits, and the second factor, whether Plaintiff will suffer irreparable harm without injunctive relief. Neither party fully addresses the third and fourth factors. Nevertheless, the Court finds that these two latter factors do not weigh in Plaintiff's favor. Both of those factors hinge on the Court's determination of Plaintiff's strong likelihood of success on the merits. For example, the Sixth Circuit has noted that "if the plaintiff shows a [strong] likelihood that the challenged law is

---

[3] *Overstreet v. Lexington-Fayett Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

[4] *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

[5] *Overstreet*, 305 F.3d at 573.

[6] *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 274 F.3d 377, 400 (6th Cir. 2001) (citation omitted).

unconstitutional, no substantial harm to others can be said to inhere in its enjoinment."[7]

However, as discussed more fully below, the Court finds that Plaintiff has not demonstrated a strong likelihood of success on the merits, meaning that he has not shown the strong likelihood of a constitutional violation.  Thus, the third factor of the preliminary injunction test weighs against him.  As for the fourth factor, the public interest favors preventing violations of constitutional rights.[8]  Thus, were Plaintiff able to demonstrate a likelihood of success on the merits, this factor might weigh in his favor.  However, because Plaintiff has not demonstrated a strong likelihood of success on the merits, this factor also weighs against him.

### Strong Likelihood of Success on the Merits

To establish a strong likelihood of success on the merits, plaintiffs "must show more than a mere possibility of success;"[9] they must demonstrate "a strong or substantial *likelihood* or *probability* of success on the merits."[10]  Additionally, when a court "lacks sufficient information" about facts necessary to determine the likelihood of success, a plaintiff has not borne his burden with respect to this factor.[11]

Here, on the current record, the Court cannot conclude that Plaintiff is likely to succeed on the merits.  The record does not contain enough facts to allow the Court to determine

---

[7] *Id.* (citation omitted).

[8] *See id.*

[9] *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (quotation omitted).

[10] *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (emphasis in original).

[11] *See Nowell v. Hickey*, No. 11-00027, 2011 WL 381943, at *2 (E.D. Ky. Feb. 1, 2011).

Plaintiff's likelihood of success at this time.  While Plaintiff has submitted an affidavit detailing his proposed conduct when he returns to leafleting, and he has described the conduct leading to his arrest, Defendants have not yet presented testimony about their perception of Plaintiff's actions before his arrest.  The factual circumstances of Plaintiff's prior leafleting conduct are unresolved at this time, and the Court cannot determine whether Plaintiff's as-applied challenge to § 232.1(e) will succeed without this additional factual information.  Thus, the Court finds that this factor weighs against granting a preliminary injunction.

### Irreparable Injury

Plaintiffs "must always demonstrate some irreparable injury before a preliminary injunction may issue."[12]  While the "loss of [a First Amendment right] is both actual and imminent and constitutes irreparable injury,"[13] Plaintiff has failed to demonstrate an irreparable injury resulting in the need for injunctive relief.  As noted in his Motion for Preliminary Injunction, Plaintiff desires to "engag[e] in peaceful literature distribution on the sidewalk outside the Oakland, Tennessee[,] Post Office."[14]  Plaintiff's requested injunction would enjoin the enforcement of § 232.1(e) to allow him to leaflet on the Oakland post office's sidewalk.

But Defendants have admitted, both at the injunction hearing and in their briefs, that Plaintiff has the right to leaflet–as described in his affidavit–under the USPS's regulations.[15] Defendants will allow Plaintiff to engage in leafleting, and Defendants have stated that

---

[12]   *Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F. Supp. 2d 1028, 1040 (N.D. Ohio 2003).

[13]   *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

[14]   (Pl.'s Mot. for Prelim. Inj. at 1.)

[15]   (Def.'s Resp. in Opp'n to Mot. for Prelim. Inj. at 1.)

"[Plaintiff] is free to resume leafleting" in the manner described in his affidavit.[16]  Thus, Plaintiff may engage in leafleting as requested in his Motion for Preliminary Injunction, and he will not suffer irreparable injury without extraordinary injunctive relief.  Accordingly, the Court finds that this factor does not weigh in Plaintiff's favor.

Upon the Court's balancing of the four injunctive relief factors, none of them tip the scales in Plaintiff's favor.  Thus, the Court finds that the circumstances of Plaintiff's case do not "clearly demand"[17] injunctive relief, and Plaintiff's Motion for a Preliminary Injunction is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction is **DENIED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   September 22, 2011.

---

[16]    (*Id.*)

[17]    *Overstreet v. Lexington-Fayett Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).